

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2008

# USA v. Hardison

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1639

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hardison" (2008). *2008 Decisions.* Paper 1059.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1059

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1639

_____

UNITED STATES OF AMERICA

v.

CHARLES HARDISON,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cr-0185)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
June 3, 2008

Before:   FISHER, JORDAN, *Circuit Judges*,
and YOHN*, *District Judge.*

(Filed: June 5, 2008 )

_____

OPINION OF THE COURT

_____

_____

    *Honorable William H. Yohn, Jr., Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

JORDAN, *Circuit Judge*.

Charles Hardison appeals from the February 14, 2006 judgment of the United States District Court for the Middle District of Pennsylvania sentencing him to 151 months imprisonment after he pleaded guilty to aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a). We will affirm.

## I.       Background

The facts are undisputed. At 3:29 p.m. on May 25, 2004, Hardison and Rupert Vanterpool entered a PNC Bank in Tannersville, Pennsylvania and handed a teller a demand note which stated, "Withdrawal All the Money Now!!" (Presentence Investigation Report ("PSR") at ¶ 5.) The teller did not understand the note, so Hardison handed her a second note, which read, "We're Bank Robbers! not Murderers!!! There are five of us. Three (...unintelligible...) you have 10 minutes to fill up this bag." (*Id.*) After the teller gave Hardison $4,798 from her drawer, including five $50 bait bills, he and Vanterpool left the bank.

At 3:41 p.m., the Stroud Area Regional Police stopped a car because two people in it matched Hardison's and Vanterpool's descriptions. As the police officers approached the car, they saw Hardison drop out of a window a black plastic bag that was later found to contain $4,798, including the five $50 bait bills. The police also found in Hardison's pocket "a small note pad containing several practice demand notes ... ."

On June 1, 2004, a federal grand jury returned an indictment charging Hardison with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, and aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). Pursuant to a plea agreement, on October 14, 2005, Hardison pled guilty to the aiding and abetting charge. On February 14, 2006, he was sentenced to 151 months imprisonment. This appeal followed.

## II.    Discussion[1]

Hardison argues that the District Court erred "in failing to calculate and set forth [his] sentencing guideline range on the record." (Appellant's Brief at 13.) We disagree. The PSR prepared for the Court states that, "[b]ased on a total offense level of 29 and a criminal history category of VI, the guideline imprisonment range is 151 to 188 months." (PSR at ¶ 67.) During sentencing, the government said that, because Hardison is a "career offender ... that results in a guideline range of 151 to 188 months," and the District Court said that it fully considered all of 3553 factors before imposing Hardison's sentence, including "the advisory sentencing range ... ." (Appendix at A35-36.) Finally, the Court's formal Statement of Reasons reflects that it determined the advisory guideline

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Hardison and the government agree that, because Hardison did not object to the District Court's articulation of the § 3553 factors at sentencing, we review that issue for plain error on appeal. (Appellant's Brief at 8 (citing *United States v. Evans*, 155 F.3d 245, 251 (3d Cir. 1998); Appellee's Brief at 2 (citing *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006).) We review the sentence imposed by the District Court for abuse of discretion. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).

imprisonment range to be 151 to 188 months. The District Court did not err, as the record in this case adequately sets forth the calculation of Hardison's guideline imprisonment range.

Hardison also argues that the District Court "imposed an unreasonable sentence" and did not give "meaningful consideration [to] the § 3553 factors in imposing sentence." (Appellant's Brief at 14.) Again, we disagree. Before imposing Hardison's sentence, the Court said:

> The sentence that I'm going to impose will satisfy the purposes set forth in 18 U.S.C. Section 3553(a), including the necessity of deterrence, just punishment, promotion of respect for the law, protection of the public, assurance of correctional treatment for the Defendant, and reflects full consideration of all the factors, including the nature and seriousness of the offense, the history and characteristics of the Defendant, the kind of sentences that are available, and the advisory sentencing range and policies prescribed by the United States Sentencing Commission. We find that the sentence that I will impose is reasonable in light of all these considerations.
>    ... I want to say this, that [Hardison has] had some great qualities, taking his service to the United States Government for two or three years ... . ... He honorably served, and I give him great credit for that. Obviously, from reading and studying the evaluation, he's not well. ... [Hardison] is 47 years old and he robbed a bank up in Monroe County and he's classified as a career offender. He has 19 prior convictions. That is a lot for 47 years. ... [Hardison], with that record, was the central figure in this scenario, and we're looking at a very serious offense, you know, bank robbery aiding and abetting.
>    So, considering all of these matters ... I'm the first to say that I think he needs treatment, and I credit him for his statements that he wants to change, he wants to make a better life for himself.

(Appendix at A35-38.) The Court then sentenced Hardison to 151 months imprisonment, the lowest sentence within the recommended range.

4

After reviewing the record below, we conclude that the District Court did not abuse its discretion, that it gave sufficient consideration to the § 3553 factors and – particularly in light of the failure to object during sentencing – adequately expressed its reasoning, and that it imposed a reasonable sentence.

## III.  Conclusion

For the foregoing reasons, we will affirm.